IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
MAY 19 2006
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| MERRIMAC M. GREENE, § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. B-06-63 |
| § | |
| ASSET PROTECTION & SECURITY § | |
| SERVICES, INC., § § | |
| Defendant. § | |

## OPINION & ORDER

BE IT REMEMBERED that on May 18, 2006, the Court **GRANTED** Defendant's Amended Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted. Dkt. No. 6.

I. **Background**

Plaintiff, Merrimac M. Greene, is a former employee of Defendant, Asset Protection & Security Services, Inc. ("APS"). Dkt. No. 1, Att. 2, at 2. Plaintiff was employed "as a security guard at the INS Bayview Detention Center" for six years. *Id.* at 1.

On December 12, 2001, Plaintiff became "a third party beneficiary of a contract between Plaintiff's employer APS and the International Union of Security, Police and Fire Professionals of America" (the "Union"). *Id.* This contract, which is a collective bargaining agreement ("CBA"), required APS to have just cause before terminating Plaintiff's employment. *Id.*

Plaintiff suffers from "a very minor perception of color problem." *Id.* at 2. Plaintiff had this medical condition throughout her employment with APS. *Id.*

Plaintiff's employment was terminated on July 23, 2003. *Id.* Plaintiff alleges that she made "a demand for the arbitration procedure set forth in the Union contract in

question." *Id.* Plaintiff allegedly made this demand in August 2003, but APS failed to respond. *Id.* Therefore, according to Plaintiff, "APS is deemed to have accepted the Union's demand, to wit, reinstatement with back wages." *Id.*

Plaintiff filed suit against APS in state court on April 20, 2004. *Id.* at 1. Plaintiff alleges that the reason given for the termination of her employment, "her very minor sight limitation," does not constitute just cause. *Id.* at 2. Plaintiff therefore concludes that she was fired without the just cause required by the CBA. *Id.*

Defendant removed the case to this Court on April 5, 2006, based on jurisdiction created by the preemption of Plaintiff's claim by § 301 of the Labor Management Relations Act ("LMRA"). Dkt. No. 1, at 1. Defendant now moves for dismissal of Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6), because Plaintiff's claim, brought under state law, is preempted by the LMRA and thereby fails to state a claim. Dkt. No. 6, at 2–6. Finally, Defendant argues that dismissal should be with prejudice, because Plaintiff's claim is barred by the applicable statute of limitations.[1] *Id.* at 6–7.

## II.  Standard for Motion to Dismiss

A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted." Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000); Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247(5th Cir. 1997) (quoting Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)). Fifth Circuit law dictates that a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See* Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); *see also* Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). A complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

---

[1] Plaintiff failed to respond to the motion currently before the Court. Plaintiff is therefore deemed to not oppose Defendant's motion to dismiss. LOCAL RULE 7.4. However, because Defendant moves for dismissal with prejudice, which would operate as an adjudication of the case on its merits, and because Plaintiff has filed a document after the filing of Defendant's motion, the Court will assume that the Plaintiff opposes the motion. *See* Dkt. No. 8.

his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constr., Inc., 804 F.2d 879, 881 (5th Cir. 1986). The Fifth Circuit has held, however, that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted).

## III.  Analysis

Defendant argues that this case should be dismissed because Plaintiff's claim is preempted by the LMRA. Dkt. No. 6, at 2–6. Defendant also avers that Plaintiff should not be permitted to re-file her petition, because the statute of limitations has expired. Id. at 6–7. The Court will consider each of these arguments separately, as expiration of the statute of limitations presents an independent basis for dismissing this case. See, e.g., Cross v. Lucius, 713 F.2d 153, 156 (5th Cir. 1983).

### A. Preemption

Defendant's primary argument for dismissing this case is that Plaintiff's claim is preempted by § 301 of the LMRA. Dkt. No. 6, at 2–6. Defendant contends that preemption of Plaintiff's claim renders Plaintiff's petition defective, because it fails to state a claim upon which relief can be granted. Id.

As an initial matter, the Court agrees with the Defendant that Plaintiff's claim is preempted by § 301 of the LMRA. Plaintiff relies on her allegation that her employment was terminated without just cause to create her cause of action. Dkt. No. 1, Att. 2, at 2. Plaintiff thereby asserts a cause of action for breach of contract, by claiming that Defendant violated the contractual requirement that it have just cause before firing her. Id. Although Plaintiff never specifically names her cause of action, it is clear that Plaintiff is suing for state law breach of contract. This claim is preempted by the LMRA, because the claim requires interpretation of what constitutes "just cause" under the contract.[2] See Thomas v. LTV Corp., 39 F.3d 611, 616, 619 (5th Cir. 1994); see also

---

[2]Additionally, the claim is for breach of the CBA itself, which would make the cause of action a claim under § 301 of the LMRA, rather than a state law claim. See McClelland, 155 F.3d at 512 n.3.

McClelland v. Gronwaldt, 155 F.3d 507, 512 & n.3 (5th Cir. 1998), *overruled in part by* Arana v. Ochsner Health Plan, 338 F.3d 433, 440 (5th Cir. 2003); Baker v. Farmer Elec. Coop., Inc., 34 F.3d 274, 279–80 (5th Cir. 1994).

The Court disagrees, however, with the Defendant's conclusion that Plaintiff's petition fails to state a claim and therefore must be dismissed. Because Plaintiff's claim requires interpretation of the CBA, it is completely preempted by § 301 of the LMRA. *See McClelland*, 155 F.3d at 512 & n.3; *Baker*, 34 F.3d at 278. When a state law claim is completely preempted by federal law, it is automatically federal in character. *See* Avco Corp. v. Aerolodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 559–60 (1968); *McClelland*, 155 F.3d at 512 (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63–66 (1987)). This means that although Plaintiff failed to allege a valid state law claim, she did state a federal claim under § 301 of the LMRA. *See, e.g.*, Thomas v. LTV Corp., No. 3:92-CV-2668-T, 1993 WL 762097, *5 (N.D. Tex. Oct. 18, 1993), *amended by* 1993 WL 762096 (N.D. Tex. Oct. 27, 1993), *aff'd*, 39 F.3d 611 (5th Cir. 1994). Thus, Plaintiff's petition sufficiently "stat[es] a federal claim for purposes of the well-pleaded complaint rule." *Taylor*, 481 U.S. at 65. The case will not be dismissed based on the preemption of Plaintiff's state law breach of contract claim.

### B. Statute of Limitations

Defendant also argues that the statute of limitations expired prior to the date on which Plaintiff filed her petition in State court. Dkt. No. 6, at 6–7. Although Defendant asserts this argument as a reason for prohibiting Plaintiff from re-filing her petition, the Court will consider it as a separate basis for dismissing the claim.

Defendant contends that the applicable statute of limitations can be found in § 10(b) of the National Labor Relations Act. *Id.* at 6. Under this statute, Plaintiff was required to file her claim within six months of the accrual of her cause of action. 29 U.S.C. § 160(b) (2005). Defendant therefore argues that Plaintiff's petition was filed after the expiration of the statute. Dkt. No. 6, at 6–7.

The Court agrees with the Defendant. Plaintiff only brought suit against APS, which would indicate that the claim is strictly a claim under § 301 of the LMRA, thereby incorporating the four year Texas statute of limitations for contracts. *See* Dkt. No. 1,

Att. 2; TEX. CIV. PRAC. & REM. CODE § 16.051 (2005); Int'l Union v. Hoosier Cardinal Co., 383 U.S. 696, 706–08 (1966); Ratsavong v. Menevilay, 176 S.W.3d 661, 670 (Tex. App. 2005). Nonetheless, the Court finds that the claim is a hybrid claim. See, e.g., DelCostello v. Int'l Brotherhood of Teamsters, 461 U.S. 151, 162–66 (1983); Breen v. Concrete by Wagner, Inc., No. 98-C-3611, 1998 WL 513072, *4 (N.D. Ill. Aug. 14, 1998). To prove her case, Plaintiff must show that APS breached her contract *and* that the Union breached its duty of fair representation. See DelCostello, 462 U.S. at 164–65. Thus, the six month statute of limitations applies to this case. Id. at 166, 172.

Although arguments based on a statute of limitations are normally affirmative defenses, courts may dismiss a case for failure to state a claim upon which relief may be granted when it appears on the face of the complaint that the petition was filed after the expiration of the statute. See Robinson v. Johnson, 313 F.3d 128, 135 & n.3 (3d Cir. 2002); Cross, 713 F.2d at 156; Delhomme v. Caremark RX Inc., 232 F.R.D. 573, 579 (N.D. Tex. 2005). This is such a case.

Plaintiff's employment was terminated on July 23, 2003. Dkt. No. 1, Att. 2, at 2. This is the date on which the violation of the contract occurred and is therefore the date upon which Plaintiff's cause of action accrued. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 518 (5th Cir. 1998). Plaintiff did not file suit against Defendant until April 20, 2004 — almost nine full months later. Dkt. No. 1, Att. 2. Thus, Plaintiff brought suit three months after the expiration of the statute of limitations.

Plaintiff's claim may still be viable, however, if there is a basis for tolling the statute of limitations. See Delhomme, 232 F.R.D. at 579 (quoting Jones v. Alcoa, 339 F.3d 359, 366 (5th Cir. 2003)). In this case, Plaintiff alleges that she demanded arbitration under the contract in August of 2003. Dkt. No. 1, Att. 2, at 2. Therefore, assuming that this demand was made, the running of the statute may have been tolled during the pendency of this demand.

Nevertheless, the arbitration demand cannot sufficiently extend the statute of limitations for the Court to find that Plaintiff's claim was timely filed. Plaintiff alleges that "Defendant did not respond" to her demand. Id. Therefore, even assuming that the

statute did not start to run until 30 days after Plaintiff made her demand,[3] Plaintiff's petition was still filed approximately 200 days after the statute began to run — or approximately 20 days too late. Thus, it is clear on the face of Plaintiff's petition that the statute of limitations expired prior to the filing of this cause of action.

## IV.     Conclusion

Based on the foregoing, the Court **GRANTS** Defendant's Amended Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted. Dkt. No. 6.

This case is therefore **DISMISSED WITH PREJUDICE**.

DONE at Brownsville, Texas, this 18th day of May, 2006.

Hilda G. Tagle
United States District Judge

---

[3]The Court will assume that Plaintiff made her demand on the final day of August, as no more specific date than "August of 2003" appears in the record.